*727 MEMORANDUM *
Larry A. Chatman appeals the district court’s dismissal of his habeas petition as untimely and argues he is entitled to equitable tolling on the basis of his mental illness. A petitioner is entitled to equitable tolling on the basis of mental impairment when: (1) his mental impairment was “so severe” that he was either unable to “understand the need to timely file” or unable to “personally prepare a habeas petition and effectuate its filing” and (2) he was diligent in “pursuing the claims to the extent he could understand them, but that [his] mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.” Bills v. Clark, 628 F.3d 1092, 1100 (9th Cir.2010).
Chatman produced uncontroverted evidence demonstrating a long history of mental illness, including a report by a psychiatric expert, Social Security Administration disability records, and prison medical records. Chatman has been diagnosed with psychotic disorder, paranoid schizophrenia, alcohol-induced persisting dementia, alcohol abuse disorder, and antisocial personality disorder. The records also indicate that Chatman frequently suffers from depression and experiences auditory hallucinations. Moreover, the records show that Chatman has an IQ of 69 and the language skills of a third-grader. Chatman was very heavily medicated during at least part of the filing period. According to the affidavits of Chatman and other inmates, Chatman was able to file motions and petitions, including his federal habeas petition, only with the assistance of other inmates.
The magistrate judge found that Chat-man had not met his burden of showing that his mental health problems were so severe that he was unable to personally prepare and file a habeas petition, relying partly on Chatman’s own self-reporting of his mental status. The magistrate judge also found that Chatman had not demonstrated why his illiteracy prevented him from timely filing, but did not address Chatman’s mental retardation or the effect of his high levels of medication. The district court declined to adopt the portions of the magistrate judge’s findings that' relied on Chatman’s own reporting, but found the magistrate judge’s ultimate conclusion correct.
Our court in Bills v. Clark stated the standard of review for equitable tolling in the context of a mental impairment as follows:
The dismissal of a petition for writ of habeas corpus as time-barred is reviewed de novo. If the facts underlying a claim for equitable tolling are undisputed, the question of whether the statute of limitations should be equitably tolled is also reviewed de novo. Otherwise, findings of fact made by the district court are to be reviewed for clear error.
628 F.3d at 1096; see also Gibbs v. Legrand, 767 F.3d 879, 883-84 (9th Cir.2014).
In this case, the underlying medical record is undisputed, so Bills appears to authorize de novo review. Chatman met his burden under the first prong of Bills by showing that his severe mental illness, combined with his mental retardation, rendered him unable to timely file a petition. On the same basis, Chatman also demonstrated that he was diligent in pursuing his claims under the second prong of Bills. *728 The district court thus erred in holding that Chatman was not entitled to equitable tolling under the Bills v. Clark standard.
Even if we were to review for clear error, we would reach the same result. The district court’s findings did not take into account the severity of Petitioner’s impairments. The district court thus clearly erred in discounting the severity of Chatman’s mental illness, and failing to take into consideration Chatman’s mental retardation. Because Chatman repeatedly attempted to secure the assistance of other inmates, and was able to file only after securing such assistance, the district court clearly erred in finding he had failed to show his mental condition caused the delay.
The decision of the district court is REVERSED and this case is REMANDED to allow Chatman to file his § 2254 petition.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.